UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES STEPHENS,

    Petitioner,

v.                                         Case No. 5:18-cv-9-02PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## ORDER

Petitioner, a Florida prisoner, instituted this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). At the Court's direction, Respondents responded to the petition and filed relevant portions of the state court record. (Docs. 14, 15). Petitioner did not file a reply. The Court has reviewed the entire record. Because the Court may resolve the petition on the basis of the record, an evidentiary hearing is not warranted. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(a). Upon consideration, the Court concludes that the petition is due to be dismissed as untimely.

I.    **BACKGROUND**

Petitioner was charged with possession of cocaine with intent to sell or deliver (Count 1), driving while license suspended (Count 2), and possession of drug paraphernalia (Count 3). (Doc. 15-1 at 6-7). On July 9, 2013, Petitioner entered an

open plea to the charges as filed. (Doc. 15-1 at 11-13). On August 14, 2013, Petitioner was sentenced to ten years incarceration on Count 2 as a habitual felony offender, a consecutive five years drug offender probation on Count 1, and time served on Count 3. (Doc. 15-1 at 15). Petitioner appealed. On March 11, 2014, the Fifth District Court of Appeal of Florida ("Fifth DCA") *per curiam* affirmed. (Doc. 15-1 at 46); *Stephens v. State*, 134 So. 3d 476 (Fla. 5th DCA 2014) (Table). Mandate issued on April 4, 2014. (Doc. 15-1 at 48).

Petitioner first moved for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure on April 1, 2014. (Doc. 15-1 at 213-224). The state court dismissed the motion without prejudice because the motion was filed during the pendency of his direct appeal. (Doc. 15-1 at 226-27).

On April 13, 2014, Petitioner filed his second Rule 3.850 motion, alleging newly discovered evidence and ineffective assistance of counsel. (Doc. 15-1 at 50-63). On July 16, 2014, the state court held an evidentiary hearing. (Doc. 15-1 at 65-106). On July 18, 2014, the state court entered an order denying the motion. (Doc. 15-1 at 108-11). Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (Doc. 15-1 at 115). Mandate issued on April 10, 2015. (Doc. 15-1 at 117).

On September 18, 2014, Petitioner filed a motion to correct sentence under Rule 3.800(a), Florida Rules of Criminal Procedure, claiming that he could not be sentenced as a habitual felony offender for the offense of driving while license suspended. (Doc. 15-1 at 229-33). The state court summarily denied the motion on October 1, 2014. (Doc. 15-1 at 235-36). Petitioner did not appeal.

On March 10, 2015, Petitioner filed a second motion to correct sentence, arguing that his sentence was illegal because his conviction for driving while license suspended should have been a misdemeanor. (Doc. 15-1 at 238-42). The state court denied the motion on March 24, 2015, finding that the claim was not cognizable under Rule 3.800(a). (Doc. 15-1 at 244-46). Petitioner did not appeal.

On April 9, 2015, Petitioner filed his third Rule 3.850 motion, alleging a *Brady*[1] violation based on his scoresheet. (Doc. 15-1 at 119-33). On April 14, 2015, the state court denied the motion. (Doc. 15-1 at 135-37). Petitioner appealed and the Fifth DCA ordered a response from the State. (Doc. 15-1 at 311, 313-20). The Fifth DCA affirmed *per curiam*. (Doc. 15-1 at 142). Mandate issued March 18, 2016. (Doc. 15-1 at 144).

On July 30, 2015, Petitioner filed his fourth Rule 3.850 motion, alleging four grounds of ineffective assistance of counsel. (Doc. 15-1 at 248-63). On August 12, 2015, the state court dismissed the motion as procedurally barred. (Doc. 15-1 at 265-75). Petitioner did not appeal.

On August 27, 2015, Petitioner filed a Motion to Withdraw Plea. (Doc. 15-1 at 277-82). On September 10, 2015, the state court denied the motion as untimely filed. (Doc. 15-1 at 284-86). Petitioner did not appeal.

On October 12, 2016, Petitioner filed his fifth Rule 3.850 motion, alleging the court erred by failing to grant a motion to suppress resulting in a manifest injustice.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

(Doc. 15-1 at 146-57). On December 2, 2016, the state court dismissed the motion as procedurally barred. (Doc. 15-1 at 159-61). Petitioner did not appeal.

On December 13, 2016, Petitioner filed his sixth Rule 3.850 motion, again alleging the court erred by failing to grant a motion to suppress resulting in manifest injustice. (Doc. 15-1 at 163-77). On March 20, 2017, the state court denied the motion finding that Petitioner failed to allege newly discovered evidence and that a claim of trial court error is not cognizable in a collateral attack on the sentence. (Doc. 15-1 at 195-97). On April 2, 2017, Petitioner filed a motion for rehearing (Doc. 15-1 at 203-08) and the state court denied it (Doc. 15-1 at 210-11). Petitioner appealed and the Fifth DCA affirmed *per curiam*. (Doc. 15-1 at 322); *Stephens v. State*, 227 So. 3d 600 (Fla. 5th DCA 2017) (Table). Mandate issued on July 14, 2017. (Doc. 15-1 at 324).

On March 13, 2017, Petitioner filed his seventh Rule 3.850 motion, alleging ineffective assistance of counsel. (Doc. 15-1 at 179-93). On March 20, 2017, the state court denied the motion as untimely and procedurally barred. (Doc. 15-1 at 199-201). Petitioner did not appeal.

Petitioner filed his petition in this Court on December 11, 2017. (Doc. 1). Respondents filed a response, arguing that the petition should be dismissed with prejudice because it was not timely filed. (Doc. 14). Petitioner did not file a reply. Thus, the petition is ripe for review.

II. <u>DISCUSSION</u>

    A. <u>The Petition Is Untimely</u>

4

Respondents argue that the petition is due to be dismissed because it is untimely under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).[2]

The Court agrees that the petition was not timely filed. Petitioner's judgment and sentence became final on March 11, 2014, following the Fifth DCA's *per curiam* affirmance of his judgment and sentence. Petitioner then had ninety days, or through June 9, 2014, to petition the Supreme Court for certiorari. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that entry of judgment and not the issuance of a mandate starts the clock running for time to petition the Supreme Court for certiorari.). Thus, Petitioner's conviction became final on June 9, 2014. Under § 2244(d)(1)(A), Petitioner had one year from that date, absent any tolling, to file a federal habeas petition.

Pursuant to § 2244(d)(2), the limitations period is tolled during the pendency of Petitioner's "properly filed" state collateral proceedings. Petitioner's second Rule 3.850 motion, filed April 13, 2014, tolled the start date for the one-year time period until the mandate issued on April 10, 2015. However, the statute of limitations continued to be tolled by Petitioner's third Rule 3.850 motion, filed on April 9, 2015. The third motion tolled the statute of limitations until the Fifth DCA issued its mandate on March 18, 2016. The limitations period ran for one year until it expired

---

[2] Section 2244 is a part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996. Because Petitioner filed his petition after that date, AEDPA and its statute of limitations apply.

5

on March 20, 2017.[3] The petition (Doc. 1) was filed on December 11, 2017, after the one-year period had expired.

Petitioner's motions filed on October 12, 2016, December 13, 2016, and March 13, 2017, had no tolling effect because they were not "properly filed." A state postconviction petition is not "properly filed," and thus does not toll one-year statute of limitations for seeking federal habeas relief, if it was rejected by state court as untimely. *See* 28 U.S.C. § 2244(d)(2); *Jones v. Sec'y, Dep't of Corr.*, 906 F.3d 1339, 1351 (11th Cir. 2018).

Florida Rule of Criminal Procedure 3.850(b), governing postconviction relief motions, provides that, other than motions to vacate an illegal sentence, "no other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence became final in a non-capital case." Florida law provides that a judgment is considered "final" upon the issuance of the mandate on direct appeal of the conviction. *See Jones v. State*, 602 So. 2d 606, 607-08 (Fla. 1st DCA 1992). Accordingly, Petitioner's state court judgment became final on April 4, 2014. (Doc. 15-1 at 48). The two-year deadline to file a Rule 3.850 motion expired on April 4, 2016. However, there are three exceptions to this time limitation: (1) newly discovered facts; (2) a fundamental constitutional right that applies retroactively and was not established within the time provided; and (3) the defendant retained counsel to timely file a

---

[3] The 365th day fell on Saturday, March 18, 2017.

postconviction motion and counsel neglectfully failed to file the motion. Rule 3.850(b)(1) - (3), Fla. R. Crim. P.

A state court does not have to explicitly make a timeliness ruling before the federal court can find that the postconviction motion was untimely and thus not "properly filed" for purposes of tolling the one-year statute of limitations on federal habeas claims. *See Jones v. Sec'y, Dep't of Corr.*, 906 F.3d 1339 (11th Cir. 2018). *Jones* controls the outcome in this case. Like the petitioner in *Jones*, Petitioner filed Rule 3.850 motions more than two years after his conviction became final. Unlike *Jones*, however, the state court did not explicitly rule that the October 12, 2016 and December 13, 2016 motions were untimely. Although Petitioner's fifth and sixth Rule 3.850 motions[4] were dismissed or denied as procedurally barred, they were also untimely and therefore not "properly filed" as to toll the limitations period. *Pace* is quite emphatic on this point: "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quotation marks and brackets omitted).

B. <u>Equitable Tolling is Not Warranted.</u>

A habeas petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation and citation omitted). The petitioner bears the burden of

---

[4] Petitioner's seventh Rule 3.850 was denied as untimely. (Doc. 15-1 at 200).

proving circumstances that justify the application of equitable tolling. *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) (citation omitted). A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Id.* (internal quotation and citation omitted). The allegations supporting equitable tolling must be specific and not conclusory. *Id.* (citation omitted). Because equitable tolling is an "extraordinary remedy," it is "limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotation and citation omitted). On review, the Court concludes that Petitioner has not shown entitlement to equitable tolling.

## III. CONCLUSION

For the reasons stated above, the Court finds that Petitioner's petition for writ of habeas (Doc. 1) is untimely and, thus, dismisses the petition with prejudice. The Clerk is instructed to enter judgment accordingly, terminate any pending motions, and close the file.

In addition, a certificate of appealability and leave to appeal in forma pauperis are denied. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). "A [COA] may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (internal citation and quotation omitted), or that "the issues presented were adequate

to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation and citation omitted). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis at this time.

**DONE AND ORDERED** at Tampa, Florida, on October 4th, 2019.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, pro se